UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In Re

JUDITH E. TAKACS,
    Debtor

Chapter 7
Case No. 1-26-10091-PRW

Hon. Paul R. Warren

---

LESLIE A. HARKNESS
38 McConkey Drive,
Buffalo, New York 14223
    Plaintiff,

v.

JUDITH E. TAKACS
461 Fort Gray Drive,
Lewiston, New York 14092
    Defendant.

A.P. No.:

---

## COMPLAINT

Plaintiff, Leslie A. Harkness ("Plaintiff") as and for her complaint against debtor-defendant Judith E. Takacs ("Defendant") states as follows:

### NATURE OF THE PROCEEDING

1. By her Complaint, Plaintiff seeks entry of an order and judgment pursuant to § 523(a)(2), § 523(a)(4), and § 523(a)(6) of the United States Bankruptcy Code (hereafter the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure § 7001(f) determining that the debt owed by Defendant to Plaintiff is excepted from discharge and granting a judgment of non-dischargeability in favor of Plaintiff for reasons relating to the previously adjudicated theft committed by Defendant

In seeking the recovery of her money as per FRBP 7001 (a), Plaintiff asks that her lien be prioritized above later creditors, as in FRBP 7001 (6).

## JURISDICTION AND VENUE

2. This court has jurisdiction under the Bankrupty Code.

3. The venue of this Adversary Proceeding is proper pursuant to U.S.C.

## THE PARTIES

4. Plaintiff is an individual who resides at 38 McConkey Drive, Buffalo, New York 14223.

5. The Defendant

## BACKGROUND

6. This proceding arises from a final judgment entered on September 7, 2018 in settlement of a Small Claims case heard on September 5, 2018 by the Hon. Katherine D. Alexander in the Civil Court of North Tonawanda City Court, in the County of Niagara in New York State. A copy is attached as Exhibit A.

7. Exhibit B is an expanded description of the circumstances and resulting impact upon the Plaintiff of the Defendant's action, including a supporting medical report and x-ray.

## NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(2)

8. The Defendant accepted the check for the proceeds of a charity auction to benefit the Plaintiff, under the false pretenses that she would cash the check and promptly give to the plaintiff.

Under § 523(a)(2) the Plaintiff's failure to do so disqualifies this debt from discharge.

## NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(4)

9. The Defendant's retaining the charity's money that was intended for the Plaintiff is embezzlement and therefore as per § 523(a)(4) is not dischargeable.

## NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(6)

10. The Defendant's theft of the money the charity raised for the plaintiff was a willful and malicious injury, as further evidenced by the Defendant's failure to pay the money awarded to the Plaintiff during all the years since the judgment was entered in 2018

## RECOVERY OF MONEY

11. The Plaintiff requests that pursuant to FRBP 7001(a) the Court order and facilitate the recovery of the money that was given to the Plaintiff by the charity in 2018, bearing in mind that during this timeframe the Defendant has had funds for optional expenses. An example is the Defendant leasing a new vehicle which she then bought and paid off (while the Plaintiff either bikes or drives a used 2010 vehicle with 171,000 miles)

## PRIORITY OF LIEN

12. The Plaintiff is asking that her lien on the Defendant's property be prioritized above other later creditors, in keeping with FRBP 7001(b).

Presumably most of the other creditors, as institutions, entered into financial relationships with the Defendant with the goal of profit, whereas this Plaintiff is an individual who suffered exponentially increasing financial and physical injuries as a result of the Defendant's theft of the charity money which was intended to alleviate the Plaintiff's financial situation. To have done so after the passing of the Plaintiff's mother for whom she was sole caregiver was especially grievous.

WHEREFORE

13. Based on the evidence and arguments presented in this complaint and accompanying exhibits, the Plaintiff respectfully requests that this Court:

a) order that the Defendant's indebtedness to the Plaintiff constitutes a non dischargeable debt pursuant to the Bankruptcy Code

b) award the Plaintiff the cost of filing and prosecution of this Adversary Proceding and

c) grant such other relief as is just and proper.

d) in the event of insufficient resources of the Defendant at this time

please order that the Small Claims Judgment award remain valid for the remainder of the 20 years since the Hon. Katherine D. Alexander entered her judgment.

Dated March 11th, 2026                 *Leslie Harkness*
                                        (Leslie Harkness)
                                    by Leslie Harkness
                                    Plaintiff, Pro Se
                                    38 McConkey Drive
                                    Buffalo, New York
                                              14223
                                    (716) 435-6637

# Exhibit A

State of New York  
County of Niagara  
North Tonawanda City Court

Index Number: SC-000056-18/NT

```
------------------------------------------------
Leslie Harkness
                           Claimant(s)
        -against-
Judith Takacs
                           Defendant(s)
------------------------------------------------
```

**Present: Hon. Katherine D. Alexander**

Claimant Leslie Harkness (Harkness) seeks recovery in the amount of $5,000.00 and $20.00 in costs, for return of monies from a charity designated check for herself allegedly used by defendant Judith Takacs (Takacs) and other resulting damages to her car and health.

*Factual Background*

The germane facts are as follows. A charitable organization, Loving Hearts 4 Paws, donated $3,000.00 to Harkness for veterinary expenses. Harkness directed Loving Hearts to issue the monies, by check, to Takacs. The undisputed understanding was that Takacs was to use her bank account to make the funds, $3,000.00, available to Harkness. Loving Heart issued the check in December 2017. The check was made payable to Takacs and deposited in Takacs' bank account. Harkness claims she should have received the entire amount of the check. The court agrees.

Takacs stated she deposited the check into her bank account and made payments to Harkness in the total amount of $3,000.00 from January 2018 to March 2018. She has no receipts. Takacs testified the funds were not readily available after the deposit. Harkness stated she has only received $520.00. Harkness also claimed that as a result of Takacs' actions, Harkness experienced repair delays to her disability car which resulted in a general loss of health due to her having to either bike or walk everywhere.

*Legal Analysis*

The purpose of the Small Claims Part of City Court is to perform substantial justice. *See, Uniform City Court Act 1804.* The intent of the check donated to Harkness by Loving Hearts was for Harkness' own personal use. The credible evidence supports that intention. Takacs should have promptly made the funds available.

*Conclusion*

Harkness is entitled to a repayment of the $3,000.00 less the $520.00 already repaid. The court denies the remainder of Harkness' claim as speculative. Therefore, it is hereby

**ORDERED** that Judgment be entered in the amount of $2,480.00 and $20.00 in costs for a total of $2,500.00 in favor of Leslie Harkness and against Judith Takacs.

**SO ORDERED.**

ENTERED: North Tonawanda City Court, New York  
DATED: September 5, 2018

*/s/ Katherine D. Alexander*  
Hon. Katherine D. Alexander  
City Court Judge

Case 1-26-01006-PRW, Doc 1, Filed 03/12/26, Entered 03/12/26 10:18:06, Description: Main Document, Page 7 of 12

**Title of action or proceeding:**
Leslie Harkness
                              Claimant(s)
    -against-
Judith Takacs
                              Defendant(s)

**TO: Judith Takacs**
**461 Fort Gray Drive**
**Lewiston, NY 14092**

**Judgment Entered After Hearing:**    September 7, 2018

**In favor of:**    Leslie Harkness, at 38 McConkey Drive, Buffalo, NY 14223
**And against:**   Judith Takacs, at 461 Fort Gray Drive, Lewiston, NY 14092

        Damages ........   $2,480.00
        Interest ...................$0.00
        Costs ..................... $0.00
        Disbursements....... $20.00
        Other ................... $0.00
        Total Judgment .... $2,500.00

### Information for the Judgment Debtor
(the party against whom a money judgment has been entered)

### YOU HAVE A LEGAL OBLIGATION TO PAY THIS JUDGMENT

Your **failure to pay** the judgment may subject you to any one or combination of the following:

1. **Garnishment** of wage(s) and/or bank accounts.
2. **Lien, seizures and/or sale of real property** including **AUTOMOBILES.**
3. **Suspension** of motor vehicle registration and/or drivers license, if the underlying claim is based on judgment debtor's ownership or operation of motor vehicle.
4. **Revocation,** suspension or denial of renewal of any applicable business license or permit.
5. **Investigation** and prosecution of the State Attorney General for fraudulent or illegal business practices.
6. **Penalty** equal to **THREE TIMES** the amount of the unsatisfied judgment plus **ATTORNEY FEES,** if there are unpaid claims.

If you did not appear in court on the day the hearing was held, you are a defaulting party.
A judgment may have been taken against you **even though you were not in Court.**

**The Judgment is valid for a period up to 20 years, If the judgment is not collected upon the first attempt, further attempts to collect may be made at a later date.**

EXHIBIT B

Judie Takacs

case# 1-26-10091-PRW

Victim's statement to the Court:

My lien on Judie Takacs' house should not be discharged, because she stole my money and as a result I experienced serious consequences.

In 2017 my mother for whom I was fulltime caregiver passed away. Then Judie Takacs decided to use for her own purposes money raised by a charity auction for my bedridden mother, our dog with injured legs, and myself. This theft was adjudicated in Small Claims Court and the Court Clerk instructed me to put a lien on her house for the amount of the judgment.

As a result of her keeping the money I could not repair my car, so I couldn't get to the jobs that my union called me to do, such as sound for concerts at Artpark. I'm a location sound technician, usually for movies or tv, so I need to be able to travel to where the work is.

When the next dog in my care needed an emergency surgery - the same surgery that Judie Takac's' dog had had - without a car I was unable to transport this large dog to the veterinarian in time, so she died. This dog was in my care through Dogs on Deployment, and the two little boys of the military family that had been called up overseas never saw their dog again.

My only transportation that year was by a 50 year old bicycle, and the day after I sold my helmet I had an accident in which my face was split open and my right wrist was fractured.

I'm an artist - righthanded - and a pianist, and after my wrist healed from surgery I still had to do a lot of occupational therapy to regain range of motion so that I could manipulate a microphone boom and go back to work.

I could go on but I hope that I have explained enough instances of the spiraling consequences of the theft to convince the court NOT to discharge the debt I am owed by Judie Takacs.

Respectfully,

Leslie Harkness
February 24, 2026
(716) 435-6637

Excelsior Orthopaedics, LLP
3925 Sheridan Drive
Amherst, NY 14226-1738

**Patient:** Leslie Harkness  **Date:** 10/26/2018  **DOB:** 01/16/1961
**Physician:**
**Referring Physician:**

**X-Ray interpretation:**

**View:** Right wrist series: PA, lateral & oblique view.

**Reason for/History:** Right wrist fracture.

**Impression:** Intraarticular distal radius fracture with question of intraarticular stepoff

*[signature]*

Tiffany Card, RPA-C

Electronically signed by Card, Tiffany, RPA-C on 10/26/2018

